UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| QUEEN AKHENATEN II MONTGOMERY BEY, § § § | |
| Plaintiff, § § | CIVIL NO. W-24-CV-00247-ADA |
| v. § § | |
| CHIP GAINES, JOANNA GAINES, § § | |
| Defendants. § | |

ORDER GRANTING LEAVE TO PROCEED
IN FORMA PAUPERIS AND DISMISSING CASE

**I.   INTRODUCTION**

Before the Court is Plaintiff Queen Akhenaten II Montgomery Bey's Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Having reviewed the motion and Plaintiff's Complaint, ECF No. 1, the Court **GRANTS** the motion but also *sua sponte* **DISMISSES** this case as frivolous and for failure to state a claim upon which relief can be granted.

**II.   BACKGROUND**

*Pro se* Plaintiff, an apparent adherent to the Moorish American school of sovereign citizenry, filed this action on May 10, 2024. ECF No. 1; *see generally* ECF No. 1-2. Plaintiff's complaint is premised on diversity jurisdiction, with Plaintiff purporting to be "an aboriginal Moorish American sovereign national of the Moroccan Empire at Maghrib al Aqs[a], North-West Amexem/North America." ECF No. 1-2 at 3; ECF No. 1-1. Plaintiff further indicated that this suit was removed from state court, specifically from a McLennan County Justice of the Peace. ECF No. 1-1; ECF No. 1-4. The substance of Plaintiff's complaint, as far as the Court can discern, is that title for the properties at 701 Washington Ave., Waco, TX 76701 and 161 S. 33rd St., Waco,

TX 76710—a.k.a. the Hotel 1928 and the Cottonland Castle, respectively—belongs to her through some sort of Moorish American chain of title, not to Defendants Chip and Joanna Gaines. *See* ECF No. 1-2 at 6, 8. Plaintiff has declared that she has no income, savings, or expenses. *See* ECF No. 2.

### III.   LEGAL STANDARD

#### a. In Forma Pauperis Status

The Court may grant in forma pauperis status to an indigent litigant "who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Court has limited discretion to deny such an application based on the litigant's financial information. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337 (1948).

The Court must consider whether paying filing fees and court costs will cause undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The Court must review the litigant's financial resources as well as expenses and whether those expenses are discretionary or mandatory. *Id.* Courts may look to where the litigant's reported income is in relation to applicable poverty guidelines. *See, e.g., Mann v. City of Moss Point*, No. 1:14cv237–KS–MTP, 2014 WL 4794544, at *2 (S.D. Miss. Sept. 25, 2014); *Williams v. Louisiana*, No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *2 (M.D. La. April 14, 2017); *Bruton v. Colvin*, No. 4:14–CV–083–A, 2014 WL 840993, at *1 (N.D. Tex. Mar. 4, 2014).

#### b. Screening of In Forma Pauperis Complaints

Twenty-eight U.S.C. § 1915 not only allows a plaintiff to proceed in forma pauperis, but it also requires the court to screen a pauper-plaintiff's complaint. *See* 28 U.S.C. § 1915(e)(2)(B). If

the court determines that the complaint is frivolous, it must dismiss the case without service of process. *Id*. Title 28, § 1915(e)(2)(B) of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss in forma pauperis complaints if satisfied that the claims asserted are frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B); *see also* former 28 U.S.C. § 1915(d). While section 1915 nominally addresses prisoner litigation, the statute applies equally to prisoner and non-prisoner in forma pauperis cases. *See Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998); *Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)).

District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint filed in forma pauperis may be dismissed as frivolous if it lacks an arguable basis in law or fact. 28 U.S.C. § 1915(e)(2)(B)(i); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless theory, such as if the complaint alleges the

violation of a legal interest which clearly does not exist." *Siglar*, 112 F.3d at 193 (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Neitzke*, 490 U.S. at 327–28. Therefore, the court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F. Supp. 931, 942-43 (S.D. Tex. 1996).

The pleading standard Rule 8(a)(2) does not require detailed factual allegations but demands greater specificity than an unadorned, "the-defendant-unlawfully-harmed-me accusation." FED. R. CIV. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor does a complaint comply with the standard if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. Evaluating the plausibility of a claim is a context specific process that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 679.

## IV.   ANALYSIS

We begin with whether or not to grant Plaintiff leave to proceed in forma pauperis. Taking Plaintiff at her word, she has no income or cash whatsoever. ECF No. 2. That would put her under the applicable poverty guideline. Accordingly, Plaintiff may proceed in forma pauperis.

Next, Plaintiff's Complaint shall be screened to determine if it should be dismissed under any of the provisions of 28 U.S.C. § 1915(e)(2). The answer is yes. Plaintiff's complaint is both

4

procedurally and substantively deficient. On procedure, plaintiffs may not remove cases from state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). On substance, the Complaint lacks an arguable basis in law and is therefore frivolous. The Court has not found any precedent recognizing title based on "the aboriginal land tenure systems, traditions, and customs of [] ancient Moabite Foremothers and Forefathers." ECF No. 1-2 at 6. Indeed, one must question how people from a different continent across the ocean could have established allodial title over two plots of land in central Texas. For similar reasons, because Plaintiff cannot establish title over the properties at issue, she has no basis to assert that Defendants are violating the law through their actions at the Hotel 1928 and the Cottonland Castle. Plaintiff therefore also fails to state a claim upon which relief can be granted. The Court will therefore dismiss this case.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**, but this case is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted. The Clerk of Court is respectfully directed to close the case.

**SIGNED** this 19th day of August, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE